```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DANIEL JAMES SILVA,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:21CV865
                                 )
JESSIE SCHAUDIES,                )
                                 )
            Defendant.           )


DANIEL JAMES SILVA,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:21CV868
                                 )
VENABLE LLP,                     )
                                 )
            Defendant.           )


DANIEL JAMES SILVA,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:21CV870
                                 )
JESSIE SCHAUDIES, et al.,        )
                                 )
            Defendants.          )


DANIEL JAMES SILVA,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:22CV33
                                 )
TAYLOR ALISON SWIFT,             )
                                 )
            Defendant.           )
```

```
DANIEL JAMES SILVA,            )
                               )
          Plaintiff,           )
                               )
          v.                   )          1:22CV69
                               )
TAYLOR ALISON SWIFT and        )
NASHVILLE POLICE DEPARTMENT,   )
                               )
          Defendants.          )


DANIEL JAMES SILVA,            )
                               )
          Plaintiff,           )
                               )
          v.                   )          1:22CV100
                               )
TAYLOR ALISON SWIFT,           )
                               )
          Defendant.           )


DANIEL JAMES SILVA,            )
                               )
          Plaintiff,           )
                               )
          v.                   )          1:22CV127
                               )
TAYLOR ALISON SWIFT,           )
                               )
          Defendant.           )
```

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Applications to Proceed in District Court without Prepaying Fees or Costs filed by Plaintiff in each of the seven, above-captioned cases (which he instituted from November 8, 2021, through February 14, 2022). (1:21CV865, Docket Entry 1; 1:21CV868, Docket Entry 1; 1:21CV870, Docket Entry 1; 1:22CV33, Docket Entry 1; 1:22CV69, Docket Entry 1; 1:22CV100,

2

Docket Entry 1; 1:22CV127, Docket Entry 1.)[1]  The Court will grant Plaintiff's Applications, for the limited purpose of recommending dismissal of all seven actions as frivolous and malicious.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted).  However, that statute also provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous or malicious . . . ."  28 U.S.C. § 1915(e)(2).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.  Coordinately, "[a] complaint plainly abusive of the judicial process is properly typed malicious." Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); accord Davis v. Shekita, No. 5:12CV504H, 2014 WL 2505485, at *3 (E.D.N.C. June 3, 2014) (unpublished); Galeas v. Byrd, No. 3:11CV543RJC, 2011

---

[1] Parenthetical citations herein will list the case number, docket entry number, and (if applicable) page number for the referenced document.

WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) (unpublished), aff'd, 469 F. App'x 236 (4th Cir. 2012); see also Cain v. Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) ("[C]omplaints which merely repeat previously litigated claims may be dismissed as malicious. However, maliciousness is not confined to such a narrow class of complaints. A litigant may be deemed to act maliciously if his actions import a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." (internal brackets, citations, and quotation marks omitted)).

## **ANALYSIS**

Another court documented earlier this year that:

> [Plaintiff] has filed 17 lawsuits . . . between 2017 and 2021 in federal court in the Northern and Middle Districts of Florida, and in the Middle District of Tennessee. All of [those] lawsuits [we]re related to, or an outgrowth of, litigation concerning Taylor Swift, her management company, her lawyer, and other individuals and entities connected to Ms. Swift.

Silva v. Aspen, No. 3:21CV689, 2022 WL 1109440, at *1 (M.D. Tenn. Apr. 13, 2022) (unpublished); see also id. at *1-3 (summarizing Plaintiff's actions in those courts against various defendants, including Swift, "TAS Rights Management, LLC," "Baldridge," "Mullen," and "13 Management," for "Trademark Infringement," "Civil Rights" violations, and "RICO" violations). As detailed below, Plaintiff's filings in this Court follow the same pattern.

4

The first Complaint filed by Plaintiff in this Court "prays this [C]ourt[ to] determine if [certain] trademarks . . . are fraudulent misrepresentations of [Swift's 1989] album" (1:21CV865, Docket Entry 2 (the "21CV865 Complaint") at 6),[2] because those "[f]raudulent trademarks . . . prevent [Plaintiff] from selling shirts with the number 1989 on them" (id. at 12). The 21CV865 Complaint identifies the lone Defendant, Jesse Schaudies (see id. at 1 (listing only Schaudies in caption)), as "a senior executive at 13 managemant [sic]" (id. at 6; see also id. ("13 management, tas rights management and taylor nation . . . are all the same entity[ and] I will be asking . . . to add tas rights management to this lawsuit."); 1:21CV865, Docket Entry 4 at 2 ("request[ing] . . . to add Tas rights management to this lawsuit"); 1:21CV865, Text Order dated Sept. 20, 2022 (deeming TAS Rights Management added as Defendant)).

The second Complaint filed by Plaintiff in this Court asserts that "Venable LLP conspired with Taylor [S]wift, Doug Baldridge and Tas management to due [sic] [Plaintiff] due process for one simple reason, involving Fraudulent Trademarks . . . ." (1:21CV868, Docket Entry 2 (the "21CV868 Complaint") at 11; see also id. at 1 (including only "Venable LLP" as Defendant in caption), 3 ("Venable conspired against [Plaintiff's] rights of due process and equal

---

[2] All quotations from Plaintiff's filings omit emphasis (including all-caps and enlarged font).

protection under the law."), 4 ("Asshole James Douglas Baldridge conspired against my god given right of due process and equal protection under the law, also my right for an opportunity to be heard."), 12 ("[S]wift, [B]ladridge [sic], tas management, 13 management and many federal judges has [sic] conspired with Venable LLP in over 15 federal cases that involving [sic] mail fraud, wire fraud, [and] Rico violations . . . ."), 20 ("Plaintiff alleges a 'class based', invidiously discriminatory animus is behind the conspirators' action . . . ."), 21 ("Plaintiff's Complaint is based in part on discrimination and political affiliations by lawyers and lawyer-judges, under 42 USCA 1983 & 1985."), 22 ("Th[e] actionable cause is the treatment of a non-lawyer pro se litigant as a distinct 'class-based subject' of the [c]ourt, wherein denial of equal protection of the laws and denial of due process was clearly the product of bias and prejudice of the [c]ourt."), 24 ("I also asset [sic] the claim of discrimination because im [sic] a pro se litigant.")). Shortly after filing the 21CV868 Complaint, Plaintiff "request[ed] to joiner [sic] Taylor Alison [S]wift and Doug Baldridge to this lawsuit." (1:21CV868, Docket Entry 3 at 2; see also 1:21CV868, Text Order dated Sept. 20, 2022 (deeming Swift and Baldridge added as Defendants).)

The third Complaint filed by Plaintiff in this Court purports to state a claim for "[p]er [s]e [d]efamation . . . aginest [sic] the following defendants[:] Jesse Schaudies, Venable LLP, 13

6

management[,] and Neal and Harwell . . . ." (1:21CV870, Docket Entry 2 (the "21CV870 Complaint") at 2.) According to the 21CV870 Complaint, "[S]wift, James Douglas Baldridge, Venable LLC, [N]eal and [H]arwell, 13 management, [and others] are actively involved in a RICO conspiracy involving [f]raudulent [t]rademarks . . . . [Plaintiff] filed over 15 lawsuits against [S]wift and her conspirators, but all cases have fallen short due to large scale judicial corruption . . . ." (Id. at 3-4.) However, the 21CV870 Complaint insists that "[t]his case . . . does not call into question the multiple Rico violations perpetrated by [S]wift and her conspirators, or the multiple civil rights violations and conspiracy against rights committed by officers of the court . . ., nor does it call into question fraudulent trademarks" (id. at 5); instead, it lists two "Defamation" claims (id. at 7, 11).

The first such claim alleges, in pertinent part, as follows:

> [O]n 5/19/2020 I went to [an] address [in Tennessee] to serve defendant Taylor Alison Swift a summary judgment and to attempt an arrest on her for the following crimes, [m]ultiple counts of [o]bstruction of justice . . .[, m]ultiple Rico violations[, and m]ultiple counts of . . . [c]onspiracy against rights[.]
>
> Doug Baldrige [sic] later went on to file [a] document in [a] case . . . in the United States District Court [for the] Northern District of Florida [in which] he stated . . . Plaintiff[ ] drove across state lines to a Swift family home in Nashville, Tennessee, wearing a bullet proof vest, and unlawfully came upon the Swift's [sic] property. [Baldridge further stated that Plaintiff] claim[ed] to have done so for the purposes of (1) serving an "Affidavit" he had drafted, in which he refer[red] to [a federal judge] as a "bitch" and threaten[ed] criminal proceedings against, essentially, the entire federal

7

>     judiciary in Florida, and (2) making a "citizen's arrest"
>     of Taylor Swift and anyone in the same residence.
>
>     The only problem is I wasn't wearing a bullet proof vest
>     is [sic] was in the car I was in.

(Id. at 7-8 (standard spacing applied); see also id. at 11 ("[T]he bullet proof vest [i]s my brothers [sic] [and] it was his car I was using.  I can't control what he keeps in his car."), 14 ("I can't show up at someone's house wearing a bullet proof vest while it is also being [sic] in my car."), 22 ("Venable LLP is being sued for [J]ames Douglas Baldridges [sic] criminal false statements made on 5/21/20 . . . ."), 36 ("James Baldridge a lawyer for Venable LLP stated I was wearing a bullet proof vest the day I was arrested tying [sic] to arrest [] Swift, a lie . . . .").)[3]

The second such claim alleges that (A) "13 management filed a protective order lawsuit in . . . Tennessee . . . [and] the law firm who filed the paper work was [ N]eal and Harwell[]" (id. at 11 (parenthetical citation omitted)), (B) the "paper work" filed by Neal and Harwell in that state case used the phrases/words "numerous frivolous litigation proceeding[s]" (id.), "silvas [sic] frivolous lawsuits" (id.), "frivolous lawsuits pending" (id. at

---

[3] The 21CV870 Complaint also asserts that a document filed in a Tennessee state court case by Neal and Harwell included, in a "chronology" of events, a reference to "['Plaintiff] arriv[ing at a residence] in a bullet proof vest[,'] which parrots and repeats Doug Baldridge's lies."  (1:21CV870, Docket Entry 2 at 12; see also id. at 36 (stating that "Neal and Harwell parroted and repeated" Baldridge's "lie" that Plaintiff "was wearing a bullet proof vest the day [he] was arrested tying [sic] to arrest [M]s[. S]wift").)

8

12), "vexatious litigation campaign" (id.), "frivolous lawsuits" (id.), "silvas [sic] false and delusional claims" (id.), "delusional" (id.), "unending vexatious litigation campaign" (id.), "unrelenting frivolous litigation campaign" (id.), "frivolous litigation campaign" (id. at 14), and "frivolous lawsuits" (id.), and (C) Plaintiff can "prove [his] cases were not frivolous" (id.), because – during "a hearing [Plaintiff] had in the [M]iddle [D]istrict of Florida" (id.) – the "judge [] in the hearing [said ']You have the right to bring this lawsuit and you've brought it[']" (id. at 15), which "[m]ean[s Plaintiff's] merits were not and have never been frivolous" (id.; see also id. at 26 (contending that Plaintiff should receive damages "for emotional distress and reputational harm" from "Jesse Schaudies due to the fact that [he] filed a fraudulent protective order lawsuit due to all his lies in it"), 27 ("I request 1.89 million dollars in general damages from Jesse Schaudies due to his aggravated perjury causing me to sleep on the street the night and day I was arrested . . . .")).[4]

The fourth Complaint filed by Plaintiff in this Court names Swift as the lone Defendant (see 1:22CV33, Docket Entry 2 (the "22CV33 Complaint") at 1, 2), and alleges that she, "Baldridge, Venable LLC, [N]eal and [H]arwell, [and others] are actively

---

[4] Within a week of filing the 21CV870 Complaint, Plaintiff "request[ed] to joiner [sic] Taylor Alison [S]wift and Doug Baldridge to th[at] lawsuit." (1:21CV870, Docket Entry 3 at 2; see also 1:21CV870, Text Order dated Sept. 20, 2022 (deeming Swift and Baldridge added as Defendants).)

9

involved in a RICO conspiracy involving fraudulent [t]rademarks" (id. at 3). The 22CV33 Complaint bases its RICO claim on a prior "order striking [one of Plaintiff's trademark] complaint[s]" against Swift. (Id.; see also id. at 16 ("[The] order . . . was wire fraud and mail fraud that circumvented the [Federal Rules of Civil Procedure] . . . .").)

The fifth Complaint filed by Plaintiff in this Court lists as Defendants both Swift and "Nashville Police Department" (1:22CV69, Docket Entry 2 (the "22CV69 Complaint") at 1; accord id. at 2), and alleges that they and others (including Baldridge, Venable LLP, and Neal and Harwell) "are actively involved in a RICO conspiracy involving fraudulent [t]rademarks" (id. at 3; see also id. at 18 (requesting "damages for pain and suffering by Nashville [P]olice [D]epartment for false imprisonment and Rico violations and for [S]wift being an accessory to Nashville [P]olice [D]epartment RICO enterprise protecting [her] the last year and a half from RICO charges and aggravated perjury . . . charges")). The claims in the 22CV69 Complaint apparently rest on these allegations by Plaintiff:

> [O]n 5/19/2020 I went to [an] address [in Nashville] to serve defendant [ S]wift a summary judgment and to attempt an arrest on her for . . . [m]ultiple counts of [o]bstruction of justice[, m]ultiple Rico violations[, m]ultiple counts of . . . [c]onspiracy against rights[, a]nd multiple other crimes along with her lawyer Doug Baldridge [who] orchestrated her crimes[.]
>
> . . . I did not attempt to beach [sic] the gate[ and instead] handed over a copy of [a] civil rights lawsuit . . . and a singed [sic] affidavit explaining [S]wifts [sic] crimes in detail . . . . Officer Mullen has

10

> blatantly admitted that he not only knew why I was there but[,] after understanding why I was there, feloniously obstructing my legitimate citizen's arrest [and] also protecting Swift from arrest in the process.
>
> [B]y [O]fficer [] Mullen placing me under arrest for 3rd degree trespass[, he] and the other 4 officers that where [sic] there committed . . . civil rights violations and broken [sic] . . . criminal statues [sic] . . . .

(Id. at 3-4 (standard spacing applied); see also id. at 8 ("Being that [the arrest] affidavit is fraudulent[, Mullen] and 4 others violated [Plaintiff's] 4th amendment right [and] Mullen committed 2 counts of obstruction of justice [] for each fraudulent mark . . . equaling 1 count of RICO, caused by [S]wifts [sic] and her [family members'] fraudulent police report."), 9-10 (alleging that two letters from Nashville Police Department "inform[ing Plaintiff] of a warrant for [his] arrest and to turn [him]self in" supported two "[m]ail fraud count[s]" for which "[S]wift is an accessory").)

The sixth Complaint filed by Plaintiff in this Court identifies solely Swift as a Defendant in both the caption and party description. (See 1:22CV100, Docket Entry 2 (the "22CV100 Complaint") at 1, 2.) According to the 22CV100 Complaint, "[S]wift, James Douglas Baldridge, Venable LLC, and [a] judge [] are actively involved in a RICO conspiracy involving fraudulent [t]rademarks . . . ." (Id. at 3; see also id. at 4 ("[O]n 02/04/2019[, the j]udge [] in [a prior] case [Plaintiff brought against] TAS Rights Management LLC uploaded her fraudulent order though [sic] pacer.gov committing 1 count of wire fraud. . . . On

11

11/20/2020, [the j]udge [] uploaded [another] order due to the fact [Plaintiff] filed a motion for injunctive relief . . . [which] is one count of wire fraud[.]" (parenthetical citation omitted)), 5 (asserting that those two "count[s] of wire fraud" constituted "at least 1 count of RICO"), 8-9 ("Mail and wire fraud were a part of the scheme, as defendants used the mails and telephone to carry out their schemes. The mails were used in filing court papers, used to notify [P]laintiff of these filings. More than two, actually dozens of instances, of such mail and wire fraud occurred, in a pattern of racketeering activity.").)

The seventh (and final) Complaint filed by Plaintiff in this Court formally targets Swift alone (see 1:22CV127, Docket Entry 2 (the "22CV127 Complaint") at 1 (naming only Swift as "Defendant(s)" in caption), 2 (naming only Swift in section for "The Defendant(s)")), but purports to proceed against "[f]ederal officials" in "a *Bivens* claim" based on a violation of the "13th amendment" (id. at 3; see also id. at 4 ("What are the facts underlying your claim(s)? . . . 13th Amendment[.]"); 1:22CV127, Docket Entry 2-1 at 8 ("[S]wift conspired against [Plaintiff's] 5th and 14th amendment rights with all [his] cases that took place in the [Middle District of Tennessee and engaged in a c]onspiracy to interfere with civil rights to the extreme extent that [she] in conspiracy enslaved [Plaintiff] to a corrupt [f]ederal judiciary in

12

the [Middle District of Tennessee], so no matter how many lawsuits [he] filed [he] never got a fair chance in court.")).

In addressing Plaintiff's most recent filings in the United States District Court for the Middle District of Tennessee, that court offered the following analysis equally applicable here:

> In addition to lacking merit, all of [Plaintiff's] lawsuits are marked by various forms [of] inappropriate conduct by [P]laintiff, including harassment of defendants, threats to defendants and the court, disregard for and disobedience of court orders, profane language, ad hominen attacks, and numerous and rambling filings that consumed vast amounts of limited judicial resources and detracted from the orderly and efficient disposition of these meritless lawsuits.
>
> A judicial officer in the Middle District of Tennessee presiding over one of [Plaintiff's] numerous meritless lawsuits summarized . . . his litigation history in the Middle and Northern Districts of Florida as follows:
>
>> The judges presiding over these cases catalogued an extensive array of Plaintiff's troubling and contumacious behavior, including numerous unnecessary filings; use of pervasive insults, profane language and other personal attacks on Ms. Swift and others; rambling submissions with no applicability to matters before the court; submissions containing discussions of Plaintiff's personal life and inappropriate thoughts regarding Ms. Swift; and improper and harassing communications and other behavior towards the defendants and their counsel. Notably, after [one] court entered a protective order, Plaintiff willfully and egregiously violated it by driving from Florida to Tennessee in an attempt to make contact with [] Swift. The court found that Plaintiff drove to the home of Swift's mother and delivered a package containing a cell phone, a photograph, a stuffed animal, and a letter addressed to Swift, inviting her to text him. Moreover, Plaintiff sent eleven emails to defense counsel stating these plans and requesting that they facilitate his contact with Ms. Swift, and

13

> Plaintiff later stated that he would continue to violate the court's order. Plaintiff ultimately admitted in a filing that his lawsuits were "psychological warfare against Swift."
>
> Plaintiff then filed suit in the Northern District of Florida, adding claims concerning the handling of his cases in the Middle District [of Florida]. After a magistrate judge recommended that Plaintiff's first complaint be dismissed on the grounds of res judicata and improper judge shopping, Plaintiff accused the magistrate judge of violating criminal laws and withdrew the complaint. Plaintiff filed a second case containing an array of civil and criminal claims (including RICO claims) against Ms. Swift and multiple other defendants. In June 2020, the court dismissed the complaint and sanctioned Plaintiff by enjoining him from filing "any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney." *Silva v. Swift*, No. 4:19CV286-RH-MJF, 2020 WL 3287884, at *1-2 (N.D. Fla. June 18, 2020). The court ordered that the injunction was "not limited to the Northern District of Florida"; applied to Plaintiff's activity "in any court"; and included potential criminal penalties including imprisonment. *Id.*

[Plaintiff's] lawsuits proceeded from district courts in Florida to the Middle District of Tennessee, where he brought similar frivolous lawsuits against [] Swift and those associated with her and continued to engage in inappropriate conduct in connection with those lawsuits. . . .

. . . .

[] Congress's desire to provide indigent persons with meaningful access to federal court does not provide indigent litigants with an unfettered right to repeatedly bring frivolous lawsuits at the taxpayer's expense. . . . Federal courts may deny a litigant the privilege of proceeding in forma pauperis when he abuses that privilege by repeatedly filing frivolous, harassing, or

14

> duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") . . . .
>
> . . . .
>
> [Plaintiff's] repeated filing of frivolous and harassing lawsuits against Ms. Swift and her associates . . . places a tremendous burden on the [c]ourt's limited resources and interferes with the [c]ourt's ability to provide litigants with non-frivolous claims expeditious resolution of their cases. Moreover, [Plaintiff's] frivolous lawsuits have been marked by harassing, threatening, disrespectful, threatening [sic], and contumacious behavior demonstrating bad faith and an abuse of the judicial process.
>
> . . . .
>
> The [c]ourt has a responsibility to ensure that the federal judiciary's resources are allocated in a manner that advances the interests of justice. Given [Plaintiff's] extensive and well-documented history of frivolous litigation and abuse of the judicial process in the Northern and Middle Districts of Florida, and in the Middle District of Tennessee, the [c]ourt finds that [Plaintiff] has abused the privilege of proceeding as a pauper and will not be permitted to do so in this case.

<u>Silva</u>, 2022 WL 1109440, at *4-7 (internal ellipses, parallel citations, some other citations, and some quotation marks omitted) (block quoting <u>Silva v. 13 Mgmt.</u>, No. 3:21CV741, 2021 WL 4894606, at *3 (M.D. Tenn. Oct. 20, 2021) (unpublished)).

## **CONCLUSION**

Plaintiff's above-captioned actions constitute a continuation of his frivolous and malicious pattern of litigation against Swift and her associates.

15

Case 1:22-cv-00033-WO-LPA   Document 3   Filed 09/21/22   Page 15 of 16

**IT IS THEREFORE ORDERED** that Plaintiff's Applications in the above-captioned cases are **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the above-captioned actions be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious.

                                            /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                                  **United States Magistrate Judge**
September 21, 2022